# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Judah Hargrove,
   Petitioner

vs.

                               Case No. 1:02cv703
                               (Spiegel, J.; Hogan, M.J.)

James Haviland,
   Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, through counsel has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's answer and petitioner's traverse. (Docs. 1, 15, 17).

### Procedural Background

The 1996 term of the Hamilton County Grand Jury indicted petitioner on one count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(3) and one count of drug abuse as defined in Ohio Rev. Code § 2925.11 (A). (Doc. 3, Ex. A). A jury found petitioner guilty as charged, and on October 29, 1996, the Court sentenced petitioner to consecutive terms of ten (10) to twenty-five (25) years for aggravated burglary and two (2) years for drug abuse. (Doc. 3, Ex. D).

Petitioner, with the assistance of new counsel, filed an appeal to the Ohio Court of Appeals, raising the following assignments of error:

   1. The jury verdict of guilty was based on insufficient evidence where all the essential elements of aggravated burglary had not been proven

beyond a reasonable doubt.

2. Appellant's conviction of aggravated burglary ignored a reconcilable theory of appellant's innocence.

3. The trial court committed prejudicial error in not submitting instructiosn [sic] on lessor included offenses of the offense of aggravated burglary to the jury.

4. The trial court erred in overruling the motion of defendant for a Criminal Rule 29 directed verdict after the close of the state's case and at the close of all evidence.

(*Id.*, Ex. E). On December 24, 1997, the Ohio Court of Appeals overruled the assignments of error and affirmed the conviction and sentence. (*Id.*, Ex. G). Petitioner did not timely appeal his conviction to the Ohio Supreme Court.

On January 26, 1998, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26 (B), raising the following claims:

1. Appellant was deprived of the effective assistance of counsel on direct appeal where such counsel failed to recognize, argue and brief the prosecution's failure to prove the aggravating factor of a person being present or likely to be present an essential element of aggravated burglary under O.R.C. § 2911.11(A)(3) as charged.

2. Appellant was deprived of the effective assistance of counsel where his counsel failed to recognize, argue and brief the plain error of appellant being sentenced to an indefinite sentence when as a matter of law he should have been afforded a definite sentence in accordance with O.R.C. § 1.58 (B).

(Doc. 3, Ex. H). On September 24, 1998, the Ohio Court of Appeals overruled petitioner's application for reopening, finding that petitioner's claims lacked merit. (*Id.*, Ex. J). Petitioner timely appealed the ruling to the Ohio Supreme Court which, on February 3, 1999, declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (*Id.*, Ex. M).

On January 28, 2000, petitioner with the assistance of the same counsel representing him in the current action, filed a federal petition for a writ of habeas corpus, raising the following ground for relief:

> Ground one: The evidence was insufficient to convict petitioner of the crime of aggravated burglary. This defect violates petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.

(*Id.,* Ex. N). Respondent subsequently moved this Court to dismiss the petition because petitioner had failed to exhaust his Ohio remedies with respect to this claim by completing his direct review via an appeal to the Ohio Supreme Court. (*See id.,* Ex. O). On October 24, 2000, the Magistrate Judge recommended that the district court dismiss the petition without prejudice so that petitioner could exhaust his Ohio remedies by filing a motion for a delayed appeal in the Ohio Supreme Court and also that the district court toll the limitations period applicable to habeas corpus petitions (*see* 28 U.S.C. § 2244(d)(1)) as of the filing date of the petition, conditioned on petitioner pursuing his state court remedies within thirty days following the order and filing a new petition within thirty days after exhaustion of those remedies. (Doc. 3, Ex. O). On January 2, 2001, the district court issued an order adopting the Report and Recommendation.(Doc. 3, Ex. P). On January 29, 2001, respondent filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit, assigning as error the district court's tolling provision. (Doc. 3 at 4; Doc. 7, Ex. 1 at 3).

While the appeal was pending, petitioner pursued his state court remedies. On March 29, 2001, petitioner through his current counsel filed a motion for a delayed direct appeal to the Ohio Supreme Court. (Doc. 3, Ex. Q). Petitioner noted that if the appeal were granted, he would raise a sufficiency of evidence claim. (*Id.* at 5). On May 2, 2001, the Ohio Supreme Court denied petitioner's motion for a delayed appeal. (Doc. 3, Ex. S).

On May 14, 2001, petitioner, through counsel, filed in this Court a motion to file a renewed habeas corpus petition and to reactivate the case because petitioner had exhausted his state court remedies as the Court had directed. (Doc. 3, Ex. T). Petitioner attached a copy of his renewed habeas corpus petition for filing. (*Id.*). In its Order of August 3, 2001, the district court found that due to the pending Sixth Circuit appeal, it had no jurisdiction to grant petitioner's motions. (Doc. 3, Ex. W).

3

The Court directed petitioner as follows: "Once the appeal is resolved, the correct procedure for refiling the habeas corpus petition which was originally dismissed on exhaustion grounds is to file a new petition in a new case." (*Id.* at 3).

On August 14, 2002, the Sixth Circuit affirmed the judgment of the district court. *Hargrove v. Brigano,* 300 F.3d 717 (6th Cir. 2002). On September 5, 2002 the Sixth Circuit issued its mandate. (Doc. 7, Ex. 5).

On October 1, 2002, petitioner filed the instant petition for a writ of habeas corpus, asserting the following ground for relief:

> Ground one: The evidence was insufficient to convict petitioner of the crime of aggravated burglary. This defect violates petitioner's right to due process under the Fourteenth Amendment to the United States Constitution.

(Doc. 1, para. 12A attachment). In his return of writ, respondent argues that the claim lacks merit.[1] (Doc. 15).

## OPINION

### Petitioner is entitled to habeas corpus relief with respect to his claim that the evidence was insufficient to sustain his aggravated burglary conviction.

In his sole ground for relief, petitioner argues that the state failed to adduce sufficient evidence to convict him of aggravated burglary because it did not establish the element that any person was present or likely to be present in the habitation at the time that petitioner trespassed.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his

---

[1]Respondent initially responded to the petition by filing a motion to dismiss. (Doc. 3). The Magistrate Judge recommended that this case be dismissed as barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d), but the District Judge reversed the Report and Recommendation, ordering respondent to "to respond to the merits of the petition." (Docs. 8, 12).

4

claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06 (O'Connor, J.); *Harris*, 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000); *Harris*, 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams*, 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000); *Harris*, 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee*, 229 F.3d at 510, 512 (citing *Williams*, 529 U.S. at 412).

When a state court fails to address the constitutional issues raised, the federal court conducts a *de novo* review, instead of applying the AEDPA standard of review which applies only to cases "adjudicated on the merits in state court." *Maples v. Stegall*, 340 F.3d 433, 436-437 (6th Cir. 2003) (finding that in *Wiggins v. Smith*, 539

5

U.S. 510 (2003), Supreme Court reviewed portion of claim not analyzed by state court *de novo*, without deferring to the state court or applying AEDPA's standard of reasonableness); *see Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003); *Davis v. Secretary for the Dep't of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003).

The Due Process Clause requires a state to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). When petitioner raises an insufficiency of evidence claim in a petition for a writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). The *Jackson* standard must be applied with explicit reference to the criminal offense as defined by state law. *Scott v. Perini,* 662 F.2d 428, 431 (6th Cir. 1981) (quoting *Jackson,* 443 U.S. at 324 n.16), *cert. denied,* 456 U.S. 909 (1982). Any conflicting inferences arising from the record must be resolved in favor of the prosecution. *See Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is beyond the province of the court to weigh the credibility of witnesses, and credibility conflicts must be resolved in favor of the prosecution. *Id.* It is the trier of fact's responsibility to resolve conflicts in testimony and to weigh the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court may not substitute its own opinion for that of the trier of fact which convicted the petitioner. *Id.* at 318-19; *York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam), *cert. denied,* 490 U.S. 1049 (1989).

The Ohio Court of Appeals addressed petitioner's sufficiency of evidence claim, as follows:

> In reviewing the record in a light most favorable to the prosecution, we are convinced that sufficient evidence was presented with respect to all the essential elements of aggravated burglary to support the jury's finding that the appellant committed the offense and was guilty beyond a reasonable doubt. The facts proved by the state demonstrated that appellant, with the assistance of a companion, trespassed by forcing his way into the permanent residence of Demetrius Gray with the purpose of committing a theft offense.

6

(Doc. 3, Ex. G at 1-2)[citations omitted].

At trial, petitioner's accomplice Herbert Plair testified that he and petitioner met at a mutual friend's home on April 6, 1996. (Tr. 132, 149).[2] After leaving the home, petitioner elicited his help in getting back a camera that another individual had allegedly stolen from him. (Tr. 133, 153). Plair testified that he first acted as a lookout while petitioner tried to open a patio door but then petitioner asked him to break a window with a rock. (Tr. 134, 136). Plair did so, entered the apartment and retrieved the camera. (Tr. 136). Plair then acted as a look out while petitioner entered the residence through the patio door which Plair had opened and petitioner took some clothes. (Tr. 136-138). At 7:40 p.m., a neighbor witnessed the entire incident and a pedestrian later observed the two men carrying a handful of clothes and then hiding them in the bushes. (Tr. 164-165, 171-173). Detective Phelps testified that he met with the victim, Demetrius Gray, some time after the day of the crime in Mr. Gray's apartment and observed that the apartment was furnished and that the name "Gray" appeared on the mailbox. (Tr. 200).

The offense of aggravated burglary under R.C. 2911.11 is defined as follows:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

* * *

(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

Aggravated burglary carries a higher penalty than burglary "because it is designed to protect homes where the danger of harm is greatest." *State v. Wilson*, 388 N.E.2d 745, 750 (Ohio 1979). In a burglary case, the state must only prove that the

---

[2]The transcript is listed as Doc. 16 on the docket sheet.

structure was a permanent or temporary habitation or that the structure was one in which a person was present or likely to be present. See Ohio Rev. Code § 2911.11(A)(3). In an aggravated burglary case, the state has the burden of proving both. *Wilson,* 388 N.E.2d at 750. Once the state proves that a permanent or temporary habitation has been burglarized, any assumption that a person was likely present would "unconstitutionally presume the existence of an element of the offense." *State v. Fowler,* 445 N.E.2d 1119, 1121 (Ohio 1983). However, the jury may draw reasonable inferences from the evidence presented as to whether someone was likely to be present on the day in question. *Id.*

The defendant's knowledge of whether or not the habitation is occupied is irrelevant. *State v. Durham,* 360 N.E.2d 743 (Ohio 1976). Instead the Court must examine "the probability or improbability of actual occupancy which in fact exists at the time of the offense, determined by all the facts surrounding that occupancy." *State v. Rodgers,* No. 2001-CA-41, 2002 WL 1396046, at *2 (Ohio Ct. App. June 28, 2002) (quoting *Durham,* 360 N.E.2d at 749); *see State v. Bateman,* No. 96APA09-1159, 1997 WL 360848, at *5 (Ohio Ct. App. June 26, 1997)(quoting *State v. Green,* 480 N.E.2d 1128 (Ohio Ct. App. 1984)) ("In the final analysis, a 'person is likely to be present when a consideration of all circumstances would seem to justify a logical expectation that a person could be present.'")

In *State v. Kilby,* 361 N.E.2d 1336 (Ohio 1977), the Supreme Court adopted the following test for determining the likelihood that a person would be present:

> Where the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of aggravated burglary under R.C. 2911.11.

In a case in which the state produced evidence that one of the victims was at work on the day of the crime and the other returned after the perpetrator had left the house, the Court concluded that "the evidence supports the inference that either could have returned throughout the course of the day," justifying a finding that they were likely present in the home. *See State v. Walters,* No. 2775-M, 1998 WL 668378, at *2-3 (Ohio Ct. App. Sept. 30, 1998). Where the prosecutor established that the victims

8

were at work at the time of the burglary and did not inquire whether they ordinarily returned home during the day or whether others had access to their apartment, the state failed to satisfy its burden. *State v. Pate,* No. 53746, 1988 WL 43287, at *4 (Ohio Ct. App. May 5, 1988). In cases in which the victim is out of town or on vacation, the courts determine whether someone else had access to the burglarized residence. *See, e.g., State v. Weber,* No. 97APA03-322, 1997 WL 798299 at *3 (Ohio Ct. App. Dec. 23, 1997), *appeal dismissed,* 692 N.E.2d 1023 (Ohio 1998); *Bateman,* 1997 WL 360848, at *5.

In this case, the evidence does not support the likely presence of the victim in the habitation on the day of the burglary. The victim did not testify. There was no evidence introduced about the victim's whereabouts on the day in question, whether he worked and if so, during what time of day. The only evidence concerning the victim was introduced through Detective Phelps. (Tr. 199-200). He testified that he went to the burglarized apartment after the day of the crime, met the victim, noticed that the apartment was furnished and the victim's name was on the mailbox. (*Id.*). This evidence goes to the issue of whether the structure was a habitation, not whether the victim was likely present during the crime. Proof that a burglary occurred in an occupied structure is insufficient to prove that someone was present or likely to be present at the time of the offense. *Wilson,* 388 N.E.2d at 750. This Court may not presume likely presence of the victim on the day of the crime from the facts proving the element of habitation. Moreover, the court is not persuaded by respondent's argument that because the crime occurred in the evening the victim was likely to be at home. (Doc. 15 at 6). Since there is no evidence of the victim's work schedule or daily routine, respondent's assertion is speculative. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not have found the element of likely presence of the victim beyond a reasonable doubt.

By failing to present evidence on an element of the aggravated burglary offense, i.e., the victim's likely presence in the habitation at the time of the trespass, the state failed to establish the existence of the offense beyond a reasonable doubt. Accordingly, this Court concludes that the ruling of the Ohio Court of Appeals that there was sufficient evidence with respect to this crime was based on an unreasonable assessment of the facts in light of the record evidence and an unreasonable application of the *Jackson* standard. Petitioner is therefore entitled to habeas corpus relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be GRANTED unless, within ninety (90) days of the date of this Court's final judgment or within such further time as the Court may allow for good cause shown, the Hamilton County Court of Common Pleas retries petitioner on the aggravated burglary charge or alternatively, modifies petitioner's conviction to burglary and imposes the appropriate sentence for the crime of burglary

Date: 2/15/05
hr

Timothy S. Hogan
United States Magistrate Judge

J:\ROSENBEH\2254(2005)\02-703suffaggburg.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Judah Hargrove,
    Petitioner

vs.                                       Case No. 1:02cv703
                                           (Spiegel, J.; Hogan, M.J.)

James Haviland,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).